12/15/2020
Hamilton County Clerk of Courts

Tuesday, December 15, 2020

Survey   Hayley Geller

HAMILTON COUNTY
CLERK OF COURTS
AFTAB PUREVAL
1000 Main St, Cincinnati, OH 45202

Contact Us
Search...

MEET AFTAB PUREVAL | GENERAL INFORMATION | PAY ONLINE | FORMS | OUR OFFICE | RECORDS SEARCH

## Case Summary

| | |
|---|---|
| **Case Number:** | A 2003953 |
| **Court:** | Common Pleas Civil |
| **Case Caption:** | KENNETH RIORDAN vs. US BANK NATIONAL ASSOCIATION |
| **Judge:** | JEROME J METZ |
| **Filed Date:** | 11/11/2020 |
| **Case Type:** | H706 - OTHER CIVIL & JURY DEMAND |
| **Total Deposits:** | $625.00 Credit |
| **Total Costs:** | $265.00 |

Show All Rows

### Case History

| Date | Description | Amount | Doc |
|---|---|---|---|
| 11/23/2020 | ELECTRONIC POSTAL RECEIPT RETURNED, COPY OF SUMMONS & COMPLAINT DELIVERED TO US BANK NATIONAL ASSOCIATION ON 11/16/20, FILED. [CERTIFIED MAIL NBR.: 7194 5168 6310 0929 7556] | | |

**EXHIBIT A** (Blumberg No. 5208)

12/15/2020

Hamilton County Clerk of Courts

| Date | Description | Amount | Doc Image# |
|---|---|---|---|
| 11/18/2020 | JUDGE ASSIGNED CASE ROLLED TO METZ/JEROME/J PRIMARY | | |
| 11/13/2020 | SUMMONS ISSUED BY CERTIFIED MAIL TO US BANK NATIONAL ASSOCIATION | | 🖼 |
| 11/13/2020 | SUMMONS ISSUED BY CERTIFIED MAIL TO US BANK NATIONAL ASSOCIATION | | 🖼 |
| 11/13/2020 | CERTIFIED MAIL SERVICE ISSUED TO US BANK NATIONAL ASSOCIATION [CERTIFIED MAIL NBR.: 7194 5168 6310 0929 7549] | | |
| 11/13/2020 | CERTIFIED MAIL SERVICE ISSUED TO US BANK NATIONAL ASSOCIATION [CERTIFIED MAIL NBR.: 7194 5168 6310 0929 7556] | | |
| 11/12/2020 | FOREIGN FEES & JURY DEMAND BY MATTHEW G BRUCE | 625.00- | |
| 11/11/2020 | CLASSIFICATION FORM FILED. | | 🖼 |
| 11/11/2020 | COMPLAINT & JURY DEMAND FILED | | 🖼 |



HAMILTON COUNTY
CLERK OF COURTS
1000 Main St. Cincinnati, OH 45202

E-Filing
FAQ
Policies

Select Language ▼

© 2017 Aftab Pureval, Hamilton County Clerk of Courts | All Rights Reserved | Privacy Policy



# AFTAB PUREVAL
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

ELECTRONICALLY FILED
November 11, 2020 01:23 PM
AFTAB PUREVAL
Clerk of Courts
Hamilton County, Ohio
CONFIRMATION 1005245

**KENNETH RIORDAN**  A 2003953

vs.

**US BANK NATIONAL ASSOCIATION**

FILING TYPE: INITIAL FILING (OUT OF COUNTY) WITH JURY DEMAND

PAGES FILED: 12

EFR200


VERIFY RECORD

IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| KENNETH RIORDAN<br>7457 Chinook Dr.<br>West Chester, OH 45069 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES<br>AND INJUNCTIVE RELIEF** |
| U.S. BANK NATIONAL ASSOCIATION<br>300 Wall St., Suite A<br>Cincinnati, OH 45212 | )<br>)<br>)<br>) | **JURY DEMAND ENDORSED<br>HEREIN** |
| **Serve also:**<br>U.S. Bank National Association<br>c/o CT Corporation System<br>(Stat. Agent)<br>4400 Easton Commons Way, Ste. 125<br>Columbus, OH 43219 | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendant. | )<br>) | |

Plaintiff Kenneth Riordan, by and through undersigned counsel, as his Complaint against the Defendant, states and avers the following:

## PARTIES, JURISDICTION & VENUE

1. Riordan is a resident of the city of West Chester, Butler County, state of Ohio.

2. Defendant U.S. BANK NATIONAL ASSOCIATION ("US Bank") is foreign-incorporated business that conducts business throughout the state of Ohio and others.

3. The events that give rise to the claims for relief in this Complaint occurred at US Bank's location at 300 Wall St., Suite A, Cincinnati, OH 45212.

4. US Bank is, and was at all times hereinafter mentioned, Riordan's employer within the meaning of Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2617 et seq. and R.C. § 4112.01(A)(2).

5. All of the material events alleged in this Complaint occurred in or around Hamilton County, Ohio.

6. Therefore, personal jurisdiction is proper over Defendant pursuant to Ohio Revised Code §2307.382(A)(1), (3) and/or (4).

7. Venue is proper pursuant to Civ. R. 3(C)(1), (2), (3) and/or (6).

8. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

9. Riordan is a former employee of Defendant.

10. At all times noted herein, Riordan was qualified for and could fully perform the essential functions of his job, with or without a reasonable accommodation.

11. Riordan is disabled due to his PTSD, anxiety, and depression, and thus is in a protected class for his disabilities.

12. Riordan worked for U.S. Bank as an underwriter from in or around November 2016 until US Bank terminated Riordan's employment on or about September 9, 2019.

13. In or around late 2017, US Bank hired Iryna Rutherford to the underwriting supervisor, a managerial position.

14. Riordan had worked with Rutherford in a previous position prior to US Bank. In that previous position under Rutherford, Riordan had had numerous issues with Rutherford's management.

15. Riordan told US Bank that hiring Rutherford would be a horrible choice as she was a bad manager, was entirely ineffective in her role, and had problems with employees who had chronic health conditions. This was a protected complaint.

2

16. This complaint resulted in a meeting between Riordan, Catrina Caprioni (underwriting manager), and Anthony Terry (site manager).

17. Upon information and belief, after Riordan's complaint, other employees came forward with complaints ahead of Rutherford's hire as well.

18. Riordan had filed a complaint earlier in his employment as well, against Judy-Anne Eversole's hire.

19. Riordan complained that Eversole would be a bad hire for the office as she was nepotistic and had an overall toxic personality and liked to discriminate against people for various reasons. This also was a protected complaint.

20. In or around early 2019, Riordan had a panic attack at work due to his disabilities, constituting Defendant's notice of his disabilities.

21. As Riordan helped to close a sale for US Bank per his handbook's instructions, the relevant loan closing officer reached out to him about an issue.

22. Riordan worked with the closing officer and the loan officer to get the issue resolved, but it caused stress for all in the process.

23. Rutherford had ridden him through the entire process of closing the deal, which flashed Riordan back to his previous issues under Rutherford as well. This harassment would not have occurred were Riordan not disabled and/or a male/man.

24. This was worsened by Christie Murrell's (underwriting supervisor) oversight; she repeatedly told Riordan he was doing the full process wrong, despite him entirely following the employee handbook.

25. Riordan then had his panic attack as he felt Rutherford was still targeting him for his disabilities.

3

26. On or about April 16, 2019, Riordan sent in an email complaint to HR.

27. Riordan complained that he felt he was being given worse treatment due to his race (Caucasian) and his sex/gender (male/man) by his superiors in comparison to his non-Caucasian and female/women coworkers. This was a protected complaint.

28. Also in or around April 2019, Riordan's disabilities flared to a peak. That month, Riordan applied for short-term disability leave at HR's direction.

29. After Riordan applied, US Bank requested he also apply for Worker's Compensation.

30. Both the Worker's Compensation and short-term disability claims were denied.

31. After some back and forth on Riordan's short-term disability leave, his mental health therapist took him off work. Riordan used FMLA for that time off.

32. Throughout Riordan's time off for FMLA, he stayed in constant communication with US Bank and provided all requested and required documentation.

33. Riordan returned to work on or about July 8, 2019 and was immediately placed on a secondary probation due to his time out. This was a disparate and retaliatory response to his FMLA usage and was discriminatory against his disabilities.

34. On or about July 10, 2019, Riordan filed a complaint with HR that he felt he was being treated differently due to his sex/gender (male/man) and race (Caucasian). This was another protected complaint.

35. Riordan had sent a similar protected complaint to US Bank prior to his medical leave, as well.

36. Shortly after Riordan's protected complaint, he was contacted by Stacy Destin (special investigator).

37. Within the next few days, Riordan was returning to work from his lunch break.

4

38. As Riordan exited his car, he scratched his belly. Alisha Sylvie (daughter of Eversole) and Eversole were either heading to or returning from lunch as well.

39. Sylvie saw Riordan scratching his belly, then reported him to HR, saying that the scratching was sexual, that he was grabbing his genitals at her. Her statement was outright false and US Bank was aware of the falsity in the accusation.

40. On or about August 6, 2019, Riordan received a call from another investigator (female, name unknown).

41. The investigator asked Riordan to relay his account of the scratching incident. Riordan did so and denied he was grabbing his genitals at Sylvie or Eversole but that he was scratching an itch.

42. On or about September 9, 2019, Riordan received a call from Caprioni, Terry, and Lakisha Brown (HR). His employment was terminated, citing the scratching incident.

43. Defendant's purported reason for terminating Riordan's employment was pretextual.

44. Defendant's termination of Riordan was an adverse employment action against him.

45. Defendant actually terminated Riordan's employment discriminatorily against his disabilities and/or sex/gender, in retaliation against his complaints of disparate treatment, and/or to retaliate against him for using FMLA.

46. As a result of the acts and omissions of US Bank, Riordan has suffered damages.

### COUNT I: RETALIATION IN VIOLATION OF THE FMLA

47. Riordan restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

48. During his employment, Riordan qualified for and took FMLA leave.

49. Defendant knew Riordan took FMLA leave.

5

50. After Riordan utilized his qualified FMLA leave, Defendant retaliated against him.

51. During his employment with US Bank, Riordan was subjected to offensive and harassing conduct based on his FMLA usage from his superiors, coworkers, and customers.

52. Defendant treated Riordan differently than other similarly situated employees based upon his FMLA usage.

53. Defendant's termination of Riordan was an adverse employment action against him.

54. Defendant's purported reason for Riordan's termination was pretextual.

55. Defendant actually terminated Riordan's employment due to his FMLA usage.

56. Defendant violated R.C. § 4112 et seq. by terminating Riordan's employment because of his FMLA usage.

57. Defendant's actions show that it willfully retaliated against Riordan in violation of U.S.C. § 2615(a).

58. As a direct and proximate result of Defendant's wrongful conduct, Riordan is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112, et seq.

59. Riordan restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

60. Riordan is in a protected class for his disabilities (described *supra*).

61. R.C. § 4112 et seq. provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's disabilities.

6

E-FILED 11/11/2020 01:23 PM / CONFIRMATION 1005245 / A 2003953 / COMMON PLEAS DIVISION / IFOJ

62. During his employment with US Bank, Riordan was subjected to offensive and harassing conduct based on his actual and/or perceived disability from his superiors, coworkers, and customers.

63. Defendant treated Riordan differently than other similarly situated employees based upon his disability.

64. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by treating Riordan differently from other similarly situated employees outside his protected class.

65. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by applying its employment policies in a disparate manner based on Riordan's disability.

66. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by applying its disciplinary policies in a disparate manner based on Riordan's disability.

67. Defendant treated Riordan differently than other similarly situated employees based upon his disability.

68. Defendant's termination of Riordan was an adverse employment action against him.

69. Defendant's purported reason for Riordan's termination was pretextual.

70. Defendant actually terminated Riordan's employment due to his disability.

71. Defendant violated R.C. § 4112 et seq. by terminating Riordan because of his disability.

72. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by treating Riordan differently from other similarly situated employees outside his protected class.

73. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by applying their employment policies in a disparate manner based on Riordan's disability.

74. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by applying their disciplinary policies in a disparate manner based on Riordan's disability.

75. Riordan incurred emotional distress damages as a result of Defendant's conduct described herein.

76. As a direct and proximate result of Defendant's acts and omissions, Riordan has suffered and will continue to suffer damages.

### COUNT III: REVERSE SEX/GENDER DISCRIMINATION IN VIOLATION OF R.C. § 4112 *et seq.*

77. Plaintiff restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

78. Throughout his employment, Plaintiff was qualified for and could fully perform his essential job duties.

79. Plaintiff is a male/man, and thus is in a protected class for his sex/gender.

80. Defendant is that unique employer that discriminates against the majority.

81. Defendant treated Plaintiff differently than other similarly situated employees based on his sex/gender.

82. Defendant discriminated against Plaintiff on the basis of his sex/gender throughout his employment with the company.

83. During his employment with US Bank, Riordan was subjected to offensive and harassing conduct based on his actual and/or perceived sex/gender from his superiors, coworkers, and customers.

84. Defendant treated Riordan differently than other similarly situated employees based upon his sex/gender.

85. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by treating Riordan differently from other similarly situated employees outside his protected class.

8

86. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by applying its employment policies in a disparate manner based on Riordan's sex/gender.

87. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by applying its disciplinary policies in a disparate manner based on Riordan's sex/gender.

88. Defendant treated Riordan differently than other similarly situated employees based upon his sex/gender.

89. Defendant's termination of Riordan was an adverse employment action against him.

90. Defendant's purported reason for Riordan's termination was pretextual.

91. Defendant actually terminated Riordan's employment due to his sex/gender.

92. Defendant violated R.C. § 4112 et seq. by terminating Riordan because of his sex/gender.

93. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by treating Riordan differently from other similarly situated employees outside his protected class.

94. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by applying their employment policies in a disparate manner based on Riordan's sex/gender.

95. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by applying their disciplinary policies in a disparate manner based on Riordan's sex/gender.

96. Plaintiff suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

97. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer damages.

### COUNT IV: RETALIATION

98. Riordan restates each and every prior paragraph of this complaint, as if it were fully restated herein.

99. As a result of the Defendant's discriminatory conduct described above, Riordan complained of the discrimination, harassment, and disparate treatment he was experiencing.

100. Subsequent to Riordan's complaints to management about harassment, bullying, and disparate treatment toward him, Defendant took adverse employment actions against Riordan, including but not limited to, terminating his employment.

101. Defendant's actions were retaliatory in nature based on Riordan's opposition to the unlawful discriminatory conduct.

102. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

103. Riordan incurred emotional distress damages as a result of Defendant's conduct described herein.

104. As a direct and proximate result of Defendant's acts and omissions, Riordan has suffered and will continue to suffer damages.

### DEMAND FOR RELIEF

WHEREFORE, Riordan demands from Defendant the following:

a) Issue a permanent injunction:
   i. Requiring Defendant to abolish discrimination, harassment, and retaliation;
   ii. Requiring allocation of significant funding and trained staff to implement all changes within two years;
   iii. Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal

       responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

    iv.   Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    v.   Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) Issue an order requiring Defendant to expunge his personnel file of all negative documentation;

c) An award against Defendant for compensatory and monetary damages to compensate Riordan for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

d) An award of punitive damages against Defendant in an amount in excess of $25,000;

e) An award of reasonable attorneys' fees and non-taxable costs for Riordan's claims as allowable under law;

f) An award of the taxable costs of this action; and

g) An award of such other relief as this Court may deem necessary and proper.

11

Respectfully submitted,

/s/ Matthew G. Bruce
Matthew Bruce (0083769)
    Trial Attorney
Evan R. McFarland (0096953)
**THE SPITZ LAW FIRM, LLC**
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, OH 45246
Phone: (216) 291-0244 (x173)
Fax:   (216) 291-5744
Email: Evan.McFarland@SpitzLawFirm.com
Email: Matthew.Bruce@spitzlawfirm.com

*Attorneys for Plaintiff Riordan*

## JURY DEMAND

Plaintiff Kenneth Riordan demands a trial by jury by the maximum number of jurors permitted.

/s/ Matthew G. Bruce
Matthew Bruce (0083769)



# AFTAB PUREVAL
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

ELECTRONICALLY FILED
November 11, 2020 01:23 PM
AFTAB PUREVAL
Clerk of Courts
Hamilton County, Ohio
CONFIRMATION 1005245

**KENNETH RIORDAN**　　　　　　　　　　A 2003953

vs.

**US BANK NATIONAL ASSOCIATION**

FILING TYPE: CLASSIFICATION

PAGES FILED: 1

EFR200



| COURT OF COMMON PLEAS<br>HAMILTON COUNTY, OHIO | CLASSIFICATION FORM<br>WWW.COURTCLERK.ORG | AFTAB PUREVAL<br>CLERK OF COURTS |
|---|---|---|

CASE NUMBER:_____ PLAINTIFF: **KENNETH RIORDAN**

PURSUANT TO SUPERINTENDENCE RULE 4, THIS CASE WAS ORIGINALLY FILED AND DISMISSED

UNDER CASE NUMBER:_____ BY JUDGE _____

## PLEASE INDICATE CLASSIFICATION INTO WHICH THIS CASE FALLS (please only check one):

- [ ] Other Tort – C360
- [ ] Personal Injury – C310
- [ ] Wrongful Death – C320
- [ ] Vehicle Accident – C370

- [ ] Professional Tort – A300
- [ ] Personal Injury – A310
- [ ] Wrongful Death – A320
- [ ] Legal Malpractice – A330
- [ ] Medical Malpractice – A340

- [ ] Product Liability – B350
- [ ] Personal Injury – B310
- [ ] Wrongful Death – B320

- [ ] Worker's Compensation
- [ ] Non-Compliant Employer – D410
- [ ] Appeal – D420

- [ ] Administrative Appeals – F600
- [ ] Appeal Civil Service – F610
- [ ] Appeal Motor Vehicle – F620
- [ ] Appeal Unemployment – F630
- [ ] Appeal Liquor – F640
- [ ] Appeal Taxes – F650
- [ ] Appeal Zoning – F660

- [ ] Certificate of Qualification – H600

- [x] Other Civil – H700-34
- [ ] Appropriation – H710
- [ ] Accounting – H720
- [ ] Beyond Jurisdiction –730
- [ ] Breach of Contract – 740
- [ ] Cancel Land Contract – 750
- [ ] Change of Venue – H760
- [ ] Class Action – H770
- [ ] Convey Declared Void – H780
- [ ] Declaratory Judgment – H790
- [ ] Discharge Mechanics Lien – H800
- [ ] Dissolve Partnership – H810
- [ ] CONSUMER SALES ACT (1345 ORC) – H820
- [ ] Check here if relief includes declaratory judgment, injunction or class action recovery – H825
- [ ] Habeas Corpus – H830
- [ ] Injunction – H840
- [ ] Mandamus – H850
- [ ] On Account – H860
- [ ] Partition – H870
- [ ] Quiet Title – H880
- [ ] Replevin – H890
- [ ] Sale of Real Estate – H900
- [ ] Specific Performance – 910
- [ ] Restraining Order – H920
- [ ] Testimony – H930-21
- [ ] Environmental – H940
- [ ] Cognovit – H950
- [ ] Menacing by Stalking – H960
- [ ] Repo Title – Transfer of Title Only – 970
- [ ] Repo Title – With Money Claim – H980
- [ ] Injunction Sexual Predator – 990
- [ ] SB 10 – Termination – H690
- [ ] SB 10 – Reclassification – H697

DATE: **11/11/2020**

ATTORNEY (PRINT): **Matthew G. Bruce, Esq.**

OHIO SUPREME COURT NUMBER: **0083769**

Revised 01/02/2017

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

KENNETH RIORDAN
**PLAINTIFF**

-- vs --

Use below number on
all future pleadings

No.  A 2003953
SUMMONS

US BANK NATIONAL ASSOCIATION
**DEFENDANT**

US BANK NATIONAL ASSOCIATION
300 WALL ST SUITE A
CINCINNATI OH 45212

D - 1

You are notified
that you have been named Defendant(s) in a complaint filed by

KENNETH RIORDAN
7457 CHINOOK DRIVE
WEST CHESTER OH 45069

Plaintiff(s)

in the Hamilton County, COMMON PLEAS CIVIL Division,
**AFTAB PUREVAL, 1000 MAIN STREET  ROOM 315,
CINCINNATI, OH 45202.**
You are hereby summoned and required to serve upon the plaintiff's
attorney, or upon the plaintiff, if he/she has no attorney of record, a
copy of an answer to the complaint within twenty-eight (28) days after
service of this summons on you, exclusive of the day of service. Your
answer must be filed with the Court within three (3) days after the
service of a copy of the answer on the plaintiff's attorney.

Further, pursuant to Local Rule 10 of Hamilton County, you are also required to
file a Notification Form to receive notice of all future hearings.

If you fail to appear and defend, judgement by default will be rendered
against you for the relief demanded in the attached complaint.

Name and Address of attorney
MATTHEW G BRUCE
11260 CHESTER ROAD
SUITE 825
CINCINNATI        OH        45246

AFTAB PUREVAL
Clerk, Court of Common Pleas
   Hamilton County, Ohio

By   RICK HOFMANN
                Deputy

Date:   November 13, 2020


D130307783


VERIFY RECORD

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

KENNETH RIORDAN
**PLAINTIFF**

    -- vs --

US BANK NATIONAL ASSOCIATION
**DEFENDANT**

Use below number on
all future pleadings

No.  A 2003953
SUMMONS

US BANK NATIONAL ASSOCIATION
CT CORPORATION ASSOCIATION
4400 EASTON COMMONS WAY STE 125
COLUMBUS OH 43219

D - 1

You are notified
that you have been named Defendant(s) in a complaint filed by

KENNETH RIORDAN
7457 CHINOOK DRIVE
WEST CHESTER OH 45069

Plaintiff(s)

in the Hamilton County, COMMON PLEAS CIVIL Division,
**AFTAB PUREVAL, 1000 MAIN STREET ROOM 315, CINCINNATI, OH 45202.**
You are hereby summoned and required to serve upon the plaintiff's attorney, or upon the plaintiff, if he/she has no attorney of record, a copy of an answer to the complaint within twenty-eight (28) days after service of this summons on you, exclusive of the day of service. Your answer must be filed with the Court within three (3) days after the service of a copy of the answer on the plaintiff's attorney.

Further, pursuant to Local Rule 10 of Hamilton County, you are also required to file a Notification Form to receive notice of all future hearings.

If you fail to appear and defend, judgement by default will be rendered against you for the relief demanded in the attached complaint.

Name and Address of attorney
MATTHEW G BRUCE
11260 CHESTER ROAD
SUITE 825
CINCINNATI    OH    45246

AFTAB PUREVAL
Clerk, Court of Common Pleas
    Hamilton County, Ohio

By  RICK HOFMANN
                  Deputy

Date:  November 13, 2020

D130307787


VERIFY RECORD



**UNITED STATES POSTAL SERVICE**

ELECTRONIC CERTIFIED MAIL SERVICE RETURN
SUMMONS & COMPLAINT
A 2003953    D1
US BANK NATIONAL ASSOCIATION
FILED: 11/23/2020  6:55:31

Date Produced: 11/23/2020

HAMILTON COUNTY CLERK OF COURTS:

The following is the delivery information for Certified Mail™ item number 7194 5168 6310 0929 7556. Our records indicate that this item was delivered on 11/16/2020 at 11:32 a.m. in COLUMBUS, OH 43224. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient : 4400 Easton Comm. Ste 125

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number:    15929194SEQ1